04-2953-ag
Sila v. Ashcroft

BIA
Ghartey, IJ
A078 731 083

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of February, two thousand twelve.

PRESENT:
 JOSÉ A. CABRANES,
 PETER W. HALL,
 GERARD E. LYNCH,
  *Circuit Judges.*

_____

ADAMA MUSSA SILA,
  *Petitioner,*

 v.                                        04-2953-ag
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,[*]
  *Respondent.*

_____

FOR PETITIONER:      Thomas V. Massucci, New York, New York.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder, Jr. is substituted for John Ashcroft as Respondent.

**FOR RESPONDENT:** Preet Bharara, United States Attorney; Sue Chen, Special Assistant United States Attorney; Sarah S. Normand, Assistant United States Attorney, United States Attorney's Office for the Southern District of New York, New York, New York.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Adama Mussa Sila, a native and citizen of Guinea-Bissau, seeks review of a May 4, 2004, order of the BIA affirming the December 31, 2002, decision of Immigration Judge ("IJ") Victoria Ghartey, which denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Adama Mussa Sila*, No. A078 731 083 (B.I.A. May 4, 2004), *aff'g* No. A078 731 083 (Immig. Ct. N.Y. City Dec. 31, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are wellestablished. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d

2

Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

The agency's adverse credibility determination is supported by substantial evidence.  In finding Sila not credible, the agency reasonably relied in part on inconsistencies among his asylum application, supporting affidavit, and hearing testimony before the IJ.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 308-09 (2d Cir. 2003).[1] First, Sila's asylum application, affidavit, and testimony contained inconsistent statements regarding when and how he learned of his father's death.  When Sila was asked to explain the inconsistencies between his application and his testimony, he faulted the person who had prepared his application and contended that his affidavit had been submitted to correct the record.  Given that Sila's affidavit contained additional material deviations from his testimony and further undermined his credibility, the agency was not required to credit his explanation.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Further,

---

[1]In *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008), we recognized that the REAL ID Act abrogated in part the holding in *Secaida-Rosales* for cases filed after May 11, 2005, the effective date of the Act.  *Id.* Because Sila's application was filed before this date, *Secaida-Rosales* remains good law.  *See Zheng v. Mukasey*, 552 F.3d 277, 287 n.6 (2d Cir. 2009).

3

because these inconsistencies go to the heart of Sila's claim of past persecution, i.e., his father's death and the rape of his family members, and related to an event of major importance cited in support of his asylum application, the agency reasonably concluded that Sila's inconsistent statements were sufficient to support an adverse credibility determination. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 77 (2d Cir. 2004) (noting that date inconsistencies relating to when petitioner learned of "distressing information" are "not the sort of 'minor and isolated' discrepancies so plainly immaterial" to an asylum claim), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).

The agency's adverse credibility determination is further supported by inconsistencies between Sila's affidavit and his testimony regarding whether his cousin had been raped. Despite Sila's arguments to the contrary, this inconsistency supports the agency's adverse credibility finding because, as noted above, the discrepancy goes to the heart of Sila's claim of past persecution. *See Chen Yun Gao v. Ashcroft*, 299 F.3d 266, 272 (2d Cir. 2002) (holding that an IJ may base an adverse credibility determination on discrepancies that go to the "heart of the asylum claim").

4

Ultimately, given the inconsistent statements Sila provided regarding his father's death and the rape of his cousin, the agency's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun*, 510 F.3d at 379-80. Since the only evidence of a threat to Sila's life or freedom depended upon his credibility, the agency's adverse credibility determination was a proper basis for the denial of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk